## AS TO CORRECTION OF RECORD BEFORE JUSTICE OF THE PEACE.

Circuit Court of Cuyahoga County.

WILLIAM FOUNTAIN V. THE J. T. WANELINK & SONS PIANO COMPANY.

Decided, November 13, 1911.

*Justice of the Peace—Motion to Correct Date of Judgment—Bill of Exceptions—Review on Error.*

It is error for the common pleas court to reverse on error proceedings from a justice of the peace, the order of the justice overruling a motion to correct his record so as to show the actual date on which he entered judgment in the case, there being no bill of exceptions from the justice showing all the evidence given and offered on the hearing of said motion before him and no provision of law for the perfecting of a bill of exceptions in such matters.

*Charles R. Summers,* for plaintiff in error.
*Parsons & Fitzgerald,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

An action was brought before a justice of the peace by the plaintiff in error against the defendant in error. The result of the trial of such action was a judgment in favor of the plaintiff. That judgment was entered on the docket of the justice under

date of July 6, 1909.   On the 5th day of August, 1909, a motion was filed by the defendant before said justice in these words, "The defendant moves the court for an order in the above entitled case to correct the record so as to show the actual date on which judgment was entered in said case, to-wit, on a day subsequent to July 6, 1909;" and on the same day this motion was overruled.   To the order of the justice overruling this motion, error was prosecuted in the court of common pleas, the result of which was that the last named court reversed the order of the justice in overruling said motion, and it is to reverse this judgment of reversal that the present proceeding is prosecuted.

The situation is somewhat peculiar.   There is no suggestion in the motion made before the justice of any particular day or definite date on which this judgment, which was entered as of July 6th, should have been entered, but only that such should be entered on a date subsequent to July 6th.   Unless the court of common pleas had evidence properly before it to show that the justice should have entered this judgment at a date subsequent to that on which his records show that he did enter it, there was error on the part of the court of common pleas in reversing this judgment.   We hold there was no such evidence.

There appeared among the papers in the case certain affidavits in reference to the entry of this judgment.   It is probable, though perhaps it is not at all certain from anything that appears, that these affidavits were used on the hearing of the motion before the justice.   There is no mark of their being filed with the justice; but treating them here as though they were on file with the justice, and that they properly came into the court of common pleas as a part of the original papers in the case, they still did not furnish such evidence as authorized the common pleas court to reverse the judgment below, and this for the reason that whatever is contained in those affidavits, even though it was properly before the common pleas court for consideration, may have been, for all that appears, but a part of the evidence on which the justice acted.   There is nothing in his transcript to show upon what evidence he acted.   The court of common pleas was not authorized to reverse upon the facts, without all

the evidence upon which the justice acted being brought before
the common pleas court; and, as already said, there is nothing
in the record to show that this was done.

But it is said that there is no provision of statute for bringing
up by bill of exceptions, the evidence upon which a justice of
the peace acts, in a matter of this kind.   This difficulty is recog-
nized in the case of *Baer, Harkeimer & Co.* v. *Otto,* 34 O. S., 11.
On page 15, it is said in the opinion in this case:

"In order to settle the practice in such cases, we now decide
that there is no provisions in such cases made by legislation, as
it now stands, for preserving the evidence offered on such mo-
tion, or for reviewing the decision of the justice upon the
grounds that such order either in granting or refusing the mo-
tion is contrary to the evidence."

The matter under consideration was a motion to discharge an
attachment by the justice of the peace.   The difficulty, however,
and injustice, if it is an injustice or failure of the statute to
work out complete justice, seems to exist in such a case as we
have before us as existed in the case under consideration by the
Supreme Court when the language quoted was used.

To relieve from the difficulty presented by the decision in
*Baer, Harkeimer & Co.* v. *Otto, supra,* the General Assembly
enacted Section 6524 of the Revised Statutes, now appearing in
the General Code as Section 10299.   This section, however, ap-
plies only to orders discharging or refusing to discharge at-
tachments.   This would seem to leave the other matters in which
error is prosecuted to the court of common pleas in the situa-
tion that the matter of attachment was in at the time of the
decision of *Baer, Harkeimer & Co.* v. *Otto, supra.*   The claim of
the defendant in error here is that no bill was before the court
of common pleas on the hearing of this case in that court, and
so, whether the evidence could or could not have been before it
by bill of exceptions, it was not before it at all.   If it could have
been brought before it by bill, that should have been done.   If
it could not, the party excepting was in the same unfortunate
situation as the losing party in the case of *Baer, Harkeimer &
Co.* v. *Otto, supra.*

In either event, the court erred in reversing the judgment of the justice, and the judgment of the common pleas court is here reversed, and the judgment of the justice affirmed.